IN THE UNITED STATES DISTRICT COURT RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2017 AUG -4  P 2: 39

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| **VINAIDA ROBNETT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 3:17-cv-529** |
| | ) | |
| **TUSKEGEE UNIVERSITY,** | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Vinaida Robnett, and through his undersigned counsel of record, and hereby complain against the Defendant, as set forth hereinbelow.

### I. JURISDICTION AND VENUE

1. Plaintiff, Vinaida Ronbett (hereinafter referred to as "Plaintiff" or "Plaintiff Robnett" files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U. S. C. § 1331, as an action arising under the act of Congress known as The Age Discrimination in Employment Act, 29 U. S. C. A. Section 621, et seq., and Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000(e) et seq.), as amended by the 1991 Civil Rights Act to obtain equitable relief, the cost of suit, including reasonable attorneys' fees, and awards of back pay and damages suffered by the Plaintiff.

2.     Plaintiff Robnett filed a charge of age discrimination, sex discrimination, and national origin discrimination (EEOC charge. No. 420-2016-03642) with the EEOC in Birmingham on September 27, 2016. Plaintiff received her right-to-sue on said charge on May 8, 2017 (See Exhibit A). Venue is proper in the Eastern Division of the Middle District of Alabama, since the alleged discriminating action of Defendant occurred in Macon County, Alabama.

## II. PARTIES

3.     The named Plaintiff, Vinaida Robnett, is a citizen of the United States and of Macon County, Alabama, and is seventy-one years of age.

4.     Tuskegee University is a private educational institution located in Tuskegee, Alabama.

## III. STATEMENT OF FACTS

5.     Plaintiff Robnett is a 71 year old female of African-American descent, and is of sound mind and body, and is fully able to perform all the necessary duties and functions of her job.

6.     Plaintiff had a variety of professional experiences in her hometown of St. Louis, Missouri, mainly with journalism and media, before, at age 32, she came to Tuskegee University in 1978, to study Animal Science. Due to the demands of her professional work, she could only be a student part-time, receiving her Bachelor of Animal Science Degree in 1991. She received her Master's degree in Epidemiology in 2001 from the School of Veterinary Medicine, Tuskegee University.

7.    Plaintiff Robnett first became an employee at Tuskegee University in 1983, as a work-study student in BIMS (Biomedical Information Management Systems). This is the unit that computerized the School of Veterinary Medicine. Plaintiff also trained the facility, staff, and students in how to use computers and software.  She also developed software programs for the School of Veterinary Medicine.

8.    Plaintiff's job titles have included: (1) Scientific Visualization Specialist; Coordinator of Projects (3) Faculty Instructor; and (4) Associate Director of BIMS and CCEBRA (Center for Computational Epidemiology, Bioinformatics and Risk Analysis). Despite all her professional responsibilities, Plaintiff's salary was a relatively modest $57,847.00 annually.   Plaintiff is more than certain that the School of Veterinary Medicine, Tuskegee University received a very good return from her, of services and talents, in return for the salary she was paid.

9.    As recently as 2014, Plaintiff was the leader of a renovation team assigned to renovate the Department Veterinary Medicine Student Study Area that won first place in Institutional Design in an Alabama Statewide competition.

10.    In the summer of 2016, Plaintiff received the honor of being appointed by the Director of CCEBRA as the person of contact for dignitaries, including the United States Assistant Secretary of Agriculture, who attended the Third Pan-African Conference and SPS (Sanitary / Phyto Sanitary) Risk Analysis Workshop in Addis Ababa, Ethiopia.

11.    Plaintiff Robnett received a RIF (Reduction in Force) termination on August 31,

2016, a copy of which is attached hereto as Exhibit A. There is obviously no suggestion that Plaintiff's work performance was inadequate, and indeed such a statement would be false, if ever made.

12.     It is striking that, with respect to the 9-10 people left in BIMS/ CCEBRA Unit, where Plaintiff worked, she was virtually the only native-born American. The non-native-born Americans included: Dr. Tsegaye Habtemariam of Ethiopia, Dr. Berhanu Tameru of Ethiopia, Dr. David Nganwa of Uganda, Mr. Assegid Bogale of Ethiopia, Dr. Ehsan Abdulla of Sudan, Mr. Sunday Adalumo of Nigeria, and Mr. Monday Offem of Nigeria. Recently the unit also had a couple other young ladies, one from Pakistan, and the other from Nigeria, who served with the BIMS/CCEBRA unit team but are now with another team within the department. To Plaintiff's knowledge none of these people have been terminated. They are not only mostly native African in origin but also mostly much younger than Plaintiff. Plaintiff therefore believes that her national origin, namely being the only native-born American in the unit of my department, played a substantial role in her termination.

13.     Plaintiff has also noticed that RIFs have disproportionately hit female employees of Tuskegee University, including most recently Dr. Lisa Hill, Dean of the College of Liberal Arts, and Ms. Sarah Stringer, Director of Career Development and Placement Services, and Coach Belinda Roby, the very successful head-coach of the female basketball team, Ms. Daya Taylor Acting Dean of the School of Architecture and Construction Science, as well as many others. Plaintiff therefore believes she is also a victim of sex discrimination in the RIF exercised against her by Tuskegee University.

14.     It is an obvious point that Plaintiff, at her current age of 71 years, is way older than most employees of Tuskegee University.  Plaintiff believes that statistically, and as a matter of Tuskegee University's policy of hiring and promoting much younger employees, she is a victim of age discrimination in the RIF exercised against me by Tuskegee University.

15.     The unfair RIF, demonstrating a bias against Plaintiff based on age, national origin and gender, will cost Plaintiff at least $4,820.00 per month, plus loss of health insurance benefits. At Plaintiff's age, despite Medicare, there is a need for additional health insurance coverage. Plaintiff is also suffering significant mental anguish, due to the embarrassment and humiliation of her removal.  Plaintiff has also had to incur legal fees to pursue her claim.

### IV. CAUSES OF ACTION

### COUNT I:  VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT
### 29 U. S. C. SECTION 621

16.     Plaintiff Robnett repeats, re-alleges and incorporates by reference all preceding paragraphs above, the same as if more fully set forth herein, and further avers that the Defendant has discriminated against her due to her age.

17.     Plaintiff Robnett avers that the aforesaid actions of the Defendant violated 29 U. S. C. Section 621 et seq., prohibiting age discrimination in employment.

18.     Plaintiff Robnett avers that she has suffered economic damage as a proximate cause of said age discrimination, in that she has lost a well-paying job with good health insurance (much needed at her age) and other economic benefits. Plaintiff Robnett avers that the age discrimination practiced against her was willful, thus entitling her to liquidated damages.

19.     Plaintiff Robnett further avers that she has pursued and exhausted her administrative remedies with the Equal Employment Opportunity Commission, before she received her right-to-sue letter.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Robnett prays that this Honorable Court will, upon a final hearing of this cause, enter an order:

a.      Reinstating Plaintiff to her job position with all the same benefits and privileges, as if she had never been terminated, and enjoining the Defendant from failing to reinstate Plaintiff, due to discrimination against Plaintiff Robnett due to her age;

b.      Awarding Plaintiff Robnett such monetary damages to which she may be entitled, including a doubling of damages, due to the willfulness of the age discrimination practiced;

c.      Awarding Plaintiff Robnett her costs in this action, including a reasonable attorney's fees; and

d.      Granting Plaintiff Robnett such other further and different relief to which she may be entitled.

## COUNT II:  GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

20.     Plaintiff Robnett repeats, realleges and incorporates all preceding paragraphs by reference, the same as if more fully set forth herein, and further avers that the Defendant's actions toward her, including the termination of her employment, violated Plaintiff's right to be free of gender discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, (42 U.S.C. '2000e, et seq.), as amended by the 1991 Civil Rights Act, and 42 U.S.C. 1981a.

21.     As a proximate cause of Defendant's afore-described actions of discriminating against Plaintiff, due to her gender, Plaintiff was injured and damaged.  In addition, Plaintiff has suffered considerable mental and emotional anguish.

22.     Plaintiff avers that she has pursued and exhausted her administrative remedies.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a)      A declaratory judgment declaring that the Defendant discriminated against Plaintiff due to her gender in violation of Title VII,

b)      An injunction reinstating Plaintiff into her job, while further granting Plaintiff compensation for all back pay, benefits, and other rights to which Plaintiff would have been entitled, had she not been the victim of gender discrimination, effective from the date of final judgment, together with lost pay for the period Plaintiff was out of work and not receiving income;

c)      An award of compensatory damages, including for mental anguish, to

which Plaintiff may be entitled;

d)      An award of punitive damages due to the egregious nature of Defendant's wrongdoing.

e)      An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

f)      Such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT III: NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII

23.     Plaintiff Robnett repeats, realleges and incorporates all preceding paragraphs by reference, the same as if more fully set forth herein, and further avers that the Defendant's actions toward her, including the termination of her employment, violated Plaintiff's right to be free of national origin discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, (42 U.S.C. '2000e, et seq.), as amended by the 1991 Civil Rights Act, and 42 U.S.C. 1981a.

24.     As a proximate cause of Defendant's afore-described actions of discriminating against Plaintiff, due to her national origin, Plaintiff was injured and damaged, through the loss of substantial income and benefits.   In addition, Plaintiff has suffered considerable mental and emotional anguish.

25.     Plaintiff avers that she has pursued and exhausted her administrative remedies.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this Court grant the following relief:

a)      A declaratory judgment declaring that the Defendant discriminated against Plaintiff due to her national origin in violation of Title VII,

b)      An injunction reinstating Plaintiff into her job, while further granting Plaintiff compensation for all back pay, benefits, and other rights to which Plaintiff would have been entitled, had she not been the victim of national origin discrimination, effective from the date of final judgment, together with lost pay for the period Plaintiff was out of work and not receiving income;

c)      An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

d)      An award of punitive damages due to the egregious nature of Defendant's wrongdoing.

e)      An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

f)      Such further, other and different relief as the Court may deem appropriate and necessary.

Submitted this 4th day of August, 2017.

Respectfully submitted,


Julian L. McPhillips, Jr.
Attorney for Plaintiff


Chase Estes
Attorney for Plaintiff


OF COUNSEL:

McPHILLIPS, SHINBAUM, & GILL, L.L.P.
P.O. BOX 64
516 South Perry Street
Montgomery, Alabama 36104
(334) 262-1911


## JURY DEMAND

A jury trial is requested on all issues so triable.


Julian L. McPhillips, Jr.
Attorney for Plaintiff