IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| VINAIDA ROBNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:17-CV-529-WKW |
| | ) [WO] |
| TUSKEGEE UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Before the court are the Recommendation of the Magistrate Judge (Doc. # 20), Plaintiff's objection (Doc. # 22), and Defendant's response. (Doc. # 24.) For the reasons explained below, the court will adopt the Magistrate Judge's Recommendation to the extent that it recognizes the dismissal of this action and closes the case.

The parties purported to enter a Joint Stipulation of Dismissal (Doc. # 18) pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. In its entirety, that stipulation reads as follows:

> COME NOW the plaintiff, Vinaida Robnett, and defendant, Tuskegee University, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), and stipulate to the dismissal of plaintiff's Complaint, in its entirety, with prejudice, and costs taxed as paid. However, it is requested that this Court maintain jurisdiction until May 31, 2019.

(Doc. # 18.) Counsel for each party signed the stipulation. Generally, "a stipulation filed pursuant to [Rule 41(a)(1)(A)(ii)] is self-executing and dismisses the case upon its becoming effective. The stipulation becomes effective upon filing *unless it explicitly conditions its effectiveness on a subsequent occurrence*." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012) (emphasis added).

Here, the parties' joint stipulation included a "request[]" that the court "maintain jurisdiction until May 31, 2019." (Doc. # 18.) Plaintiff does not contend that this phrase is an explicit condition of the stipulation as required by *Anago*. Indeed, there is no evidence — even after the Magistrate Judge prompted Plaintiff to file such evidence — that the stipulation could only be effective upon a court order retaining jurisdiction. It is uncontested that the settlement agreement contains no such provision. As a result, it is not clear what effect this "request[]" could have on the court's jurisdiction when the stipulation, by its nature, does not require this court's continued jurisdiction.[1] *See Judy v. Lee Cty., Fla., Bd. of Cty. Commissioners*, No. 2:17-CV-230-FTM-38CM, 2018 WL 1729123, at *2 (M.D.

---

[1] The problem with the parties' stipulation is not that the word "request" is insufficient to invoke this court's jurisdiction. *See, e.g.*, *Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1318 (11th Cir. 2002). Rather, the problem is that the parties' stipulation does not require the court's continued jurisdiction in order to effectively enforce their settlement agreement. In *Chmielarz*, the parties' joint stipulation clarified that the court's continued jurisdiction was needed to resolve a dispute about attorney's fees, which was a term in the settlement agreement. There is no such requirement here.

Fla. Apr. 10, 2018) (recognizing a dismissal notwithstanding parties' "request" because "[Plaintiff] could have also negotiated with [Defendant] to condition the effectiveness of the Joint Stipulation on the [c]ourt's entry of an order retaining jurisdiction. But that language did not appear in the Joint Stipulation.")

Though the Joint Stipulation is less than clear, this court finds that it was an effective dismissal because it does not explicitly condition its effectiveness on an order establishing this court's continued jurisdiction (or any other occurrence). Upon consideration of the parties' Joint Stipulation of Dismissal (Doc. # 18), which comports with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, this action has been dismissed with prejudice by operation of Rule 41, on the terms agreed to and set out by the parties.

The Clerk of the Court is DIRECTED to close this case.

DONE this 16th day of July, 2018.

                               /s/ W. Keith Watkins
                               CHIEF UNITED STATES DISTRICT JUDGE